IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00355-MR

| | |
|---|---|
| **JONATHAN DANIEL PIPPINGER,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **BUNCOMBE COUNTY GOVERNMENT** ) <br> **EMPLOYEES, et al.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

## I. BACKGROUND

The pro se Plaintiff, a pretrial detainee[1] at the Buncombe County Detention Center (BCDC), filed this civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2] The Plaintiff names as Defendants:

---

[1] The Plaintiff describes his "prisoner status" as "Other … CIA Officer as a detainee." [Doc. 1 at 4]. However, the dockets in Buncombe County Superior Court Case Nos. 22CRS285214, -219, -230 reveal that the Plaintiff is facing charges including robbery with a dangerous weapon, common law robbery, and assault with a deadly weapon on a government official. See Fed. R. Ev. 201.

[2] The Plaintiff has filed a similar § 1983/Bivens action in this Court, Case No. 1:23-cv-348-MR.

"Buncombe County Government Employees;" "Buncombe County Corrections Officers;" "Mediko Medical Staff;" "Central Intalectual [soc] Industries Mental Health;" and "Buncombe County Jail Mail Room mail officers." [Doc. 1 at 1-3]. The Plaintiff purports to assert claims for "Breach of Contract, Breach of the agreement, Breach of the Covenant of good faith and fair dealing;" "§ 37 Right of victims of a crime;" "§ 27 Bail, finds [sic] and punishments;" and "§ 1 The equality and rights of persons." [Id. at 3]. The Plaintiff describes the facts underlying his claims as follows:

> Defendant #1 opened legal mail on camera in front of top row and looked at papers 12/4/2023
>
> Defendant #2 gave chest x-ray by Elliot Wagner bad pain in pentagon camera and shot my pentagon one camera.
>
> Defendant #3 Mental Health evaluation that was illegal #'s evaluation that tried to breach CIA & FBI microchips federal protective custody [illegible]
>
> Defendant #4 Returned cut open FBI mail to microsoftway Charlotte NC.

[Id. at 5] (errors uncorrected). For injury, the Plaintiff claims:

> Defendant #2 shot my one camera put in by the pentagon that fill a bullet hole in my chest which the x-ray machine they use causes this to happen.

[Id.] (errors uncorrected). The Plaintiff appears to seek damages and injunctive relief. [Id.].

The Plaintiff has attached pages to his Complaint that purport to be signed by him as a "CIA Ombudsman" and in which he alleges, *inter alia*, that "[i]n 2017 a Superior Court Judge Electronic Head shot me and killed me and AED back to life…."[3] [Id. at 12-16] (errors uncorrected).

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

---

[3] The Court declines to order the Plaintiff to correct his signature on the attached pages at this time because, even if they were properly signed, they would fail initial review for the reasons stated *infra*. The Plaintiff is cautioned to comply with all applicable rules and procedures in future, including the Federal Rules of Civil Procedure and the Court's Local Civil Rules. Any filing that does not comply or that is otherwise improper may be stricken.

complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.   DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct.  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971).  Bivens' core premise is to deter individual officers' unconstitutional acts.  See Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001).

The Plaintiff's allegations are vague, conclusory, and devoid of factual allegations. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations are also so outlandish and unmoored from reality that the Court is unable to discern any potentially plausible claim under § 1983 or Bivens. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), abrogated on other grounds by Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Accordingly, the Complaint fails initial review as frivolous and for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim and the Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**<u>The Plaintiff is cautioned that any further frivolous filings may result in the imposition of sanctions including a prefiling injunction.</u>**

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the

Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: April 17, 2024

Martin Reidinger
Chief United States District Judge